NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000844
31-JUL-2017
08:18 AM

NO. CAAP-16-0000844

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
WILLIAM GERBERDING, Defendant-Appellant.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 16-1-0558)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise and Ginoza, JJ.)

Plaintiff-Appellee State of Hawaiʻi (State) charged Defendant-Appellant William Gerberding (Gerberding) with second-degree burglary, in violation of Hawaii Revised Statutes (HRS) § 708-811 (2014).[1] Gerberding's burglary charge was based on his violation of a trespass warning issued pursuant to HRS § 708-814(1)(b) (2014). The Circuit Court of the First Circuit

---

[1] HRS § 708-811 provides, in relevant part:

   (1) A person commits the offense of burglary in the second degree if the person intentionally enters or remains unlawfully in a building with intent to commit therein a crime against a person or against property rights.

HRS § 708-800 (2014), in turn, defines the phrase "enter or remain unlawfully," in relevant part, as follows:

   "Enter or remain unlawfully" means to enter or remain in or upon premises when the person is not licensed, invited, or otherwise privileged to do so. A person who, regardless of the person's intent, enters or remains in or upon premises which are at the time open to the public does so with license and privilege unless the person defies a lawful order not to enter or remain, personally communicated to the person by the owner of the premises or some other authorized person.

(Circuit Court)[2/] denied Gerberding's motion to dismiss the charge for lack of probable cause. After a jury-waived bench trial, the Circuit Court found Gerberding guilty as charged.

Gerberding appeals from the Judgment entered by the Circuit Court on October 6, 2016. On appeal, Gerberding argues that the Circuit Court erred in denying his motion to dismiss the charge for lack of probable cause. The State concedes error based on the Hawai'i Supreme Court's recent decision in State v. King, 139 Hawai'i 249, 386 P.3d 886 (2016). We agree with the State's concession of error.

In King, the supreme court held that the violation of a trespass warning "issued pursuant to HRS § 708-814(1)(b) is not a 'defi[ance] of a lawful order' under HRS § 708-800," and therefore, the violation of a trespass warning "cannot be made a vehicle for a second-degree burglary charge under HRS § 708-811." King, 139 Hawai'i at 257, 386 P.3d at 894 (brackets in original). With regard to Gerberding's motion to dismiss the second-degree burglary charge, there are no material differences between the circumstances of this case and those in King. Based on King, we conclude that the Circuit Court erred in denying Gerberding's motion to dismiss. Accordingly, we reverse the Circuit Court's Judgment.

DATED: Honolulu, Hawai'i, July 31, 2017.

On the briefs:

Taryn R. Tomasa
Deputy Public Defender
for Defendant-Appellant.

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

---

[2/] The Honorable Dean E. Ochiai presided.